1
2
3
4
5
6
7

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

8  ***Attorneys for Plaintiff and the Proposed Class***

9

10  **UNITED STATES DISTRICT COURT**

11  **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 12 JENNIFER RENNICK, on behalf of herself, and all others similarly situated, <br><br> 13 <br><br> 14         Plaintiff, <br><br> 15    v. <br><br> 16 NPAS SOLUTIONS, LLC, <br><br> 17         Defendant. <br> 18 <br> 19 <br> 20 | Case No.: 2:19-cv-02495-ODW-KS <br><br> <u>CLASS ACTION</u> <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.*** <br><br> <u>DEMAND FOR JURY TRIAL</u> |

21
22
23
24
25
26
27
28

## INTRODUCTION

Jennifer Rennick ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of NPAS Solutions, LLC ("Defendant" or "NPAS"), in negligently, and/or willfully contacting Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.      TCPA strictly forbids nuisance phone calls exactly like those alleged in this Complaint – intrusive phone calls to private cellular phones, placed to numbers obtained without the prior express consent of the recipients.

2.      Defendant's violations caused Plaintiff and members of the Class actual harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited phone calls, as well as the violation of their statutory rights.

3.      Plaintiff and members of the Class suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendant's conduct, and is likely to be redressed by a favorable decision in this action.

4.      Plaintiff seeks an injunction stopping Defendant from making unsolicited phone calls, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., a federal statute. *Mims v. Arrow Financial Services, LLC*,

132 S. Ct. 740, 751-53 (2012).   Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of the Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).   Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction

6.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District.

7.      Personal jurisdiction over Defendant is also proper in this District because Defendant, at all times herein mentioned, was doing business in the County of San Luis Obispo, State of California, and a substantial part of the events giving rise to the claim, mainly the calls placed to Plaintiff's cellular number, occurred in this jurisdiction.

## PARTIES

8.      Plaintiff is, and at all times mentioned herein was, a resident of the State of California, County of San Luis Obispo.  She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

9.      Defendant NPAS is a debt collector that specializes in collecting delinquent debts for healthcare providers.   NPAS maintains its corporate headquarters at One Park Plz, Nashville TN 37203.   NPAS is registered to do business in California as entity number 201128410127, and is a "person" as defined by 47 U.S.C. § 153 (39).

*Rennick v. NPAS Solutions, LLC*, No. 2:19-cv-02495-ODW-KS
FIRST AMENDED CLASS ACTION COMPLAINT

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
### (TCPA), 47 U.S.C. §§ 227 *et seq.*

10.	In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.	The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

12.	According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

13.	The TCPA makes it unlawful "to make any call (other than for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14.     "Because the [TCPA] is written in the disjunctive, plaintiffs can state a claim under the TCPA by allegin[g] the use of (1) an "artificial or prerecorded voice" *or* (3) an ATDS." *Vaccaro v. CVS Pharmacy, Inc.*, No. 13-CV-174-IEG (RBB), 2013 WL 3776927, at *fn.2 (S.D. Cal. July 16, 2013) (emphasis in original) citing 47 U.S.C. § 227(b)(1)(A).

15.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]   The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## FACTUAL ALLEGATIONS

16.     Beginning around at least March 2018, Plaintiff received a number of unsolicited phone calls to her wireless phone, for which Plaintiff provided no consent to call, in attempt to collect an alleged debt from Havasu Regional Medical Center.

17.     Plaintiff has never visited Havasu Regional Medical Center, has no prior relationship with Havasu Regional Medical Center and maintains no debt with Havasu Regional Medical Center.

18.     The calls made by NPAS were often made by prerecorded or artificial voice messages.

19.     The incoming calls from NPAS received by Plaintiff came from the number 1-866-258-1104, among others.

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

20.     Most recently Plaintiff received calls on her cellular phone on March 13, 2019 and March 26, 2019.

21.     Both calls received on March 13, 2019 and March 26, 2018 were unanswered by Plaintiff and Defendant left prerecorded/artificial voice messages on Plaintiff's voicemail.  Notably, the voice time for both calls was 39 seconds.

22.      The prerecorded/artificial voice messages left on Plaintiff's cellular phone voicemail state as follows:

"—llo.  We are calling from NPAS Solutions on behalf of Havasu Regional Medial Center. This is call from a debt collector. Please return our call at 866-258-1104, Monday through Friday during normal business hours. [pause] Again, we are calling from NPAS Solutions on behalf of Havasu Regional Medial Center. This is a call from a debt collector.  Please return our call at 866-258-1104, Monday through Friday during normal business hours. Thank you."

23.     Notably, NPAS's prerecorded/artificial voice messages feature a robotic female voice in the same computerized pitch, pace and tone.  Additionally, the beginning of the word "Hello" is cut off due to a failure in NPAS's computerized voicemail detection software and use of prerecorded/artificial voice messages, both of which also support use of an ATDS.

24.     Plaintiff has attempted at no avail to call the number 1-866-258-1104 and reach a live agent so that she can inform NPAS that she has no relation to Havasu Regional Medical Center and that NPAS has the wrong number.  Plaintiff however has had no success reaching a live agent and the harassing calls continue.

25.     Although Plaintiff has been unable to advise NPAS that NPAS has reached a wrong number by calling the number 1-866-258-1104, Plaintiff's cellular phone which Defendant's calls are directed states in the voicemail message that the caller has reached Jennifer Rennick.  Jennifer Rennick has in fact recorded her own

5

1  voice advising the caller that she is the owner of the phone number.  Further, Plaintiff
2  has maintained her cellular telephone number for at least five years.

3     26.    Thus, NPAS was specifically advised via Plaintiff's voicemail message
4  that the owner of the phone number is Jennifer Rennick.

5     27.    NPAS's records will no doubt indicate that the owner of the Havasu
6  Regional Medical Center debt is not Jennifer Rennick.

7     28.    These unsolicited phone calls placed to Plaintiff's wireless telephone
8  were placed via an "automatic telephone dialing system," ("ATDS") as defined by
9  47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as
10  prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store
11  numbers randomly or sequentially, and to dial such numbers, to place telephone calls
12  to Plaintiff's cellular telephone.

13     29.    The existence of an ATDS is evidenced by the robotic sound of the
14  prerecorded/artificial voice message itself.  Additionally, each voice message has
15  exactly the same generic and impersonal content.  Further, each voicemail messages
16  saved on Plaintiff's cellular phone are each 39 seconds long.

17     30.    The existence of an ATDS is also evidenced by the fact that Plaintiff's
18  voicemail message informs that the caller it has reached Jennifer Rennick, an
19  unintended recipient of Defendant's call.  If a live agent would have called Plaintiff
20  instead of an ATDS the live agent would have been notified that the phone number
21  belonged to Jennifer Rennick and the live agent would have arguably terminated the
22  call, indicated in the call notes that the phone number called was a "wrong number,"
23  and would have ceased placing calls to that number.

24     31.    It is Plaintiff's understanding and belief that NPAS places a "WN"
25  notation on accounts where "wrong numbers" have been indicated.

26     32.    The telephone number that Defendant, or its agents, called was assigned
27  to a cellular telephone service for which Plaintiff incurred a charge for incoming
28  calls pursuant to 47 U.S.C. § 227 (b)(1).

33.     These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34.     Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

35.     These telephone calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

36.     Plaintiff is not alone in receiving these unsolicited, harassing wrong number phone calls.  In fact, on April 6, 2018, final approval was entered in a similar class action, *Johnson v. NPAS Solutions, LLC*, No. 9:17-cv-80393, in which the plaintiff in that matter also alleged NPAS violated the TCPA by placing autodialed calls to wrong or reassigned cellular telephone number assigned to persons different from those it was trying to reach.

37.     The class in *Johnson v. NPAS Solutions, LLC*, consisted of 179,642 members who received calls from NPAS Solutions, LLC between March 28, 2013 and the date of preliminary approval [December 4, 2017] that (b) were directed to a phone number assigned to a cellular telephone service, (c) for which NPAS Solutions' records contain a "WN" designation, and (d) were placed using an automatic telephone dialing system.  *Johnson v. NPAS Solutions, LLC*, No. 9:17-cv-80393, 2017 WL 6060778, at *1 (S.D. Fla. Dec. 4, 2017) (Rosenberg, J.).

38.     Plaintiff did not received notice of the settlement and was not a class member in *Johnson v. NPAS Solutions, LLC*.

39.     Despite the *Johnson* settlement, NPAS continues to make harassing and unsolicited calls to cellular numbers in violation of the TCPA.

40.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

42.     Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who: (1) received a telephone call from Defendant or its agents; (2) on his or her cellular telephone number; (3) through the use of any automatic telephone dialing systems or artificial or prerecorded voice message as set forth in 47 U.S.C. § 227(b)(1)(A)(3); (4) without prior express consent, (5) within four years prior to the filing of the Complaint through the date of final approval.[6]

43.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

44.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

45.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the

[6] Excluded from this class are the 179,642 class members in the matter Johnson v. NPAS Solutions, LLC, who received calls from NPAS Solutions, LLC between March 28, 2013 and the December 4, 2017.

right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendant's records or Defendant's agents' records.

47.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a.  Whether, within the four years prior to the filing of this Complaint through the date of final approval, Defendant or its agents placed telephone calls without the recipients' prior express consent (other than a telephone call  made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;

    b.  Whether the equipment Defendant, or its agents, used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    c.  Whether Defendant, or its agents, systematically made telephone calls to persons featuring an artificial or pre-recorded voice;

    d.  Whether Defendant, or its agents, systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

    e.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

9

f.   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

48.     As a person that received at least one unsolicited telephone call to her cell phone without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

49.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

50.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

51.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227 *ET SEQ.*

53.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  These telephone calls also featured a prerecorded voice and were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

55.     Defendant also made telephone calls featuring a prerecorded or artificial voice without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

56.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

57.     As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227 *ET SEQ.*

59.     Plaintiff incorporates by reference the above paragraphs 1 through 52 inclusive, of this Complaint as though fully stated herein.

60.     Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.   These telephone calls also featured a prerecorded voice and were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

61.     Defendant also made telephone calls featuring a prerecorded or artificial voice without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

62.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

63.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

64.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.***

65.     As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

67.     Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.***

68.     As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

69.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

70.     Any other relief the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the placing of telephone calls, the events described herein, any third party associated

*Rennick v. NPAS Solutions, LLC*, No. 2:19-cv-02495-ODW-KS
FIRST AMENDED CLASS ACTION COMPLAINT

with any telephone call, campaign, account or file associated with Plaintiff. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

Dated:  June 20, 2019            *s/ Ronald A. Marron*
                                 By: Ronald A. Marron
                                 **LAW OFFICES OF RONALD A.**
                                 **MARRON**
                                 RONALD A. MARRON
                                 ALEXIS WOOD
                                 KAS GALLUCCI
                                 651 Arroyo Drive
                                 San Diego, California 92103
                                 Telephone: (619) 696-9006
                                 Facsimile: (619) 564-6665

                                 *Attorneys for Plaintiff*
                                 *and the Proposed Class*