## 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
## ℭ𝔢𝔫𝔱𝔯𝔞𝔩 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 ℭ𝔞𝔩𝔦𝔣𝔬𝔯𝔫𝔦𝔞

JENNIFER RENNICK,

    Plaintiff,

  v.

NPAS SOLUTIONS, LLC.,

    Defendants.

Case No. 19-cv-02495-ODW(KSx)

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS [21]**

## I. INTRODUCTION

This matter comes before the Court on Defendant NPAS Solutions, LLC's Motion to Strike Class Allegations ("Motion"). (ECF No. 21.) For the following reasons, the Court **DENIES** the Motion.[1]

## II. BACKGROUND

On June 20, 2019, Plaintiff Jennifer Rennick filed her First Amended Complaint ("FAC") against NPAS Solutions. (FAC, ECF No. 15.) Rennick alleges NPAS, a debt collector, called her multiple times on her cellular phone using an automatic telephone dialing system without her express consent, in violation of the

---

[1] After carefully considering all papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Telephone Consumer Protection Act ("TCPA"). (FAC ¶¶ 16–40.) Specifically, Rennick alleges that starting around March 2018, and most recently on March 13, 2019, and March 26, 2019, she received calls on her cellular phone in which NPAS left prerecorded and artificial voice messages on her voicemail about a debt owed to Havasu Regional Medical Center. (FAC ¶¶ 16–21.) Rennick alleges that she has never visited, has no prior relationship with, and maintains no debt with Havasu Regional Medical Center. (FAC ¶ 17.) Additionally, Rennick alleges that these prerecorded and artificial voice messages were left using an automatic telephone dialing system. (FAC ¶¶ 22–23.)

Rennick brings her TCPA claims on behalf of a class defined by the FAC:

> [A]ll persons within the United States who: (1) received a telephone call from Defendant or its agents; (2) on his or her cellular telephone number; (3) through the use of any automatic telephone dialing systems or artificial or prerecorded voice message as set forth in 47 U.S.C. § 227(b)(1)(A)(3); (4) without prior express consent, (5) within four years prior to the filing of the Complaint through the date of final approval.

(FAC ¶ 42.) NPAS now moves to strike the class allegations under Rule 12(f). (*See* Mot.)

## III.   LEGAL STANDARD

Under Rule 12(f), the court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); *see also Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal.

2004) ("Courts have long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from making completely tendentious or spurious allegations.").

"In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). "Thus, 'before granting such a motion, the court must be satisfied that there are no questions of fact, that the claim or defense is insufficient as a matter of law, and that under no circumstance could it succeed.'" *Id.* (quoting *Tristar Pictures, Inc. v. Del Taco, Inc.*, No. CV 99-07655-DDP (Ex), 1999 WL 33260839, *1 (C.D. Cal. Aug. 31, 1999)) (alterations omitted).

## IV.   DISCUSSION

NPAS argues that the class allegations should be struck because it is clear on the face of the FAC that the class cannot be certified for two reasons. (Mot. 4.) First, NPAS argues the proposed class is an impermissible fail-safe class.[2] (*Id.* at 5–7.) Next, NPAS argues that class certification is impracticable because determining class membership will require highly individualized inquiries regarding the issue of prior express consent. (*Id.* at 7–18.) In opposition, Rennick raises several arguments, including that NPAS' Motion to Strike is premature and prejudicial as discovery is not complete, no motion for class certification has been filed, and NPAS has failed to show that Rennick cannot possibly certify a class. (Opp'n to Mot. ("Opp'n") 7–12, ECF No. 31.)

As an initial matter, NPAS has not cited to any relevant binding authority that mandates the action it seeks and there appears to be none. Although some courts have granted motions to strike class allegations under Rule 12(f), "it is in fact rare to do so

---

[2] "A fail-safe class is 'when the class itself is defined in a way that precludes membership unless the liability of the defendant is established.'" *Olney v. Job.com, Inc.*, No. CV 1:12-01724-LJO, 2013 WL 5476813, at *11 (E.D. Cal. Sept. 30, 2013) (quoting *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010)).

in advance of a motion for class certification." *Cholakyan*, 796 F. Supp. 2d at 1245 (collecting cases). "Striking class allegations prior to a formal certification motion is generally disfavored due to the lack of a developed factual record." *Pepka v. Kohl's Dep't Stores, Inc.*, No. CV-16-4293-MWF (FFMx), 2016 WL 8919460, at *1 (C.D. Cal. Dec. 21, 2016); *see also In re NVIDIA GPU Litig.*, No. C 08-04312-JW, 2009 WL 4020104, at *13 (N.D. Cal. Nov. 19, 2009) ("A determination of the ascertainability and manageability of the putative class in light of the class allegations is best addressed at the class certification stage of the litigation."). As this Court previously acknowledged, "[c]ourts are hesitant to strike class allegations before the parties have had an opportunity to go through the class certification process." *Portillo v. ICON Health & Fitness, Inc.*, No. 2:19-cv-01428-ODW (PJWx), 2019 WL 6840759, at *6 (C.D. Cal. Dec. 16, 2019).

Furthermore, albeit not exclusively, the same arguments that NPAS makes here have been rejected as premature by many of the courts to consider such arguments in the TCPA context. *See Pepka*, 2016 WL 8919460, at *1–3 (collecting cases on both sides); *see also Donaca v. Metro. Life Ins. Co.*, No. CV 13-05611-MMM (JCx), 2014 WL 12597152, at *3 (C.D. Cal. Jan. 22, 2014) (collecting the many cases where courts have denied motions to strike class allegations in TCPA cases). For instance, in *Donaca*, like here, defendant moved to strike TCPA class allegations based on a claim that the class definition constituted a fail-safe class and required highly individualized inquiries concerning each potential class member's consent. *Id.* at *2. The court denied the defendant's motion, concluding that "[g]iven the early stage of the proceedings, it is premature to determine if this matter should proceed as a class action." *Id.* at *4. The court also recognized that it may be correct that "consent or other issues will ultimately require an individualized inquiry, but there is no way to make that determination now." *Id.* (quoting *Meyer v. Receivables Performance Mgmt., LLC*, No. CV 12-2013-RAJ, 2013 WL 1914392, at *2 (W.D. Wash. May 8, 2013)).

Similarly, in *Juarez v. Citibank, N.A.*, the district court denied the defendant's motion to strike TCPA class allegations as "fail-safe" classes because the motion was premature. No. CV 16-01984, 2016 WL 4547914, at *5 (N.D. Cal. Sept. 1, 2016); *see also Olney*, 2013 WL 5476813, at *11 (noting that "in the Ninth Circuit, it is not necessary to deny certification (or in this case strike class allegations) simply because the initially proposed class is a 'fail safe' class."). Furthermore, other courts have also found that "the question of consent is not necessarily a bar to class certification in a TCPA action." *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. ED CV 15-2057-FMO (SPx), 2017 WL 5765734, at *2 (C.D. Cal. Nov. 6, 2017); *see also Blair v. CBE Grp., Inc.*, 309 F.R.D. 621, 629 (S.D. Cal. 2015) (noting that "courts should not simply accept a party's argument that consent requires individualized inquiries without evidence demonstrating consent is, in fact, an individualized issue.").

Here, given the early stage of the proceedings, it is premature to say whether the matter should proceed as a class action. Discovery is underway and no motion for class certification has been filed yet. The deadline for Rennick to file her motion for class certification is April 30, 2020. At this stage, even if there are issues with the proposed class, it cannot be said that there are no circumstances in which the proposed class could succeed. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007) (declining to rule on defendant's motion to dismiss or strike class allegations at the pleadings stage because, even though "plaintiffs' class definitions are suspicious and may in fact be improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery.") Accordingly, NPAS's Motion to Strike Class Allegations is premature at this early stage, and is more properly decided on a motion for class certification after the parties have had an opportunity to conduct discovery, develop a record, and brief the issues.

# V. CONCLUSION

For the foregoing reasons, the Court **DENIES** NPAS's Motion to Strike Class Allegations.  (ECF No. 21.)

**IT IS SO ORDERED.**

January 16, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**